## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIM NO.: 25-CR-344 (ADA)** |
| | § | |
| **TIMOTHY LEIWEKE** | § | |

## DEFENDANT'S UNOPPOSED MOTION TO DESIGNATE CASE "COMPLEX" AND FOR CONTINUANCE

This indictment alleges that Timothy Leiweke and others (who were not charged) conspired to restrain trade in violation of the Sherman Act, relating to a contract to design, build and operate the Moody Center music and events arena in Austin, Texas. As set out below, discovery is voluminous; the facts and law are complex; more time is needed for defense preparation; and the ends of justice served by a continuance outweigh the interest of the parties or the public in a trial within 70 days. *The parties jointly propose that the Court set a status hearing in November 2025.*

Discovery: Discovery has not yet begun, but the government has informed us it is preparing to make an initial production of approximately one million documents, beginning in mid-August. These documents are from many sources and span many years. The defense will need time to load the discovery into a database;

review it; and consider whether to make additional requests or seek additional documents from third parties via subpoena.

<u>Facts</u>:  The facts are complex – covering a very large volume of discovery and concerning qualifications and proposals of companies with specialized expertise to design, build, and operate a 15,000-seat arena to host concerts, college sports, and other events.

<u>The Law</u>:  Finally, the parties do not agree on the law as it applies to this case. The  defense believes that this case raises issues related to whether a potential "teaming" or "consortium" arrangement violates the Sherman Act.  Recent civil and criminal cases have analyzed this issue, and it may give rise to evidentiary and legal questions in this case[1] – and perhaps in pretrial motions, depending on the discovery.

For all these reasons, the defense proposes that the Court set a status hearing in November, at which point the parties might be better able to suggest a further pretrial and trial schedule.

## Government's Position

The government does not oppose the defense request for a Speedy Trial Act continuance and for a November 2025 status conference.  The Government defers

---

[1]    The defense does not raise any claims or motions now, and the government does not agree with the defense's read of the law, but recent cases of note include *United States v. Brewbaker*, 87 F.4th 563, 575-76 (4th Cir. 2023) (reversing conviction: "teaming" arrangement in that case with a sometime-competitor was not a "per se" antitrust violation) and *Doctors Hospital of Laredo v. Cigarroa*, -- F.Supp.3d – 2025 WL 1513443 at *26 (SA-21-CV-1068-XR W. D. Tex. Jan. 28, 2025) (granting summary judgment for the defense in a civil antitrust case, citing *Brewbaker*).

to the Court on when it is practicable to schedule this matter for trial, 18 U.S.C. § 3161(a); the Government asks that the parties have at least 90 days' notice in advance of trial.

### Request for Status Conference Date

The Speedy Trial Act, 18 U.S.C. § 3161, allows a Court to continue a trial date without setting a new one, in appropriate circumstances. "[A] district court can decide to continue a trial indefinitely…when it is impossible, or at least quite difficult, for the parties or the court to gauge the length of an otherwise justified continuance…In such circumstances, the district court may decide to continue the trial indefinitely, at least until the defendant or the government is able to propose a more specific trial date or until there exists enough additional information for the district court to set one." *United States v. Dignam*, 716 F.3d 915, 923 (5th Cir. 2013) (rejecting Speedy Trial appeal: continuance was proper without setting a trial date – in that case to allow counsel to recover from surgery) (citing *United States v. Jones*, 56 F.3d 581 (5th Cir. 1995);[2] *United States v. McNealy*, 625 F.3d 858 (5th Cir. 2010) (same: continuance without setting a trial date was "fully reasonable and justified" while defendant's counsel attended National Guard training and gained admission

---

[2] Although *Jones* found a Speedy Trial violation, it is easily distinguishable on its unusual facts: the district court there failed to rule on defendant's motion for continuance or make any "interest of justice" or other findings for over a year. Here, the defense proposes that the Court make the appropriate findings through the date of the status report and beyond.

to the local bar); *United States v. Westbrook*, 119 F.3d 1176, 1187 (5th Cir. 1997) (same: continuance without a trial date was appropriate to allow preparation of transcripts from the first mistrial, and it was unclear how long that would take).  The parties agree that such a continuance is appropriate here – and we have attached a proposed order for the Court's consideration.

Specifically, the parties propose to report to the Court by November 7 on the progress of discovery, any pending motions or other matters, and on requested next steps and trial schedule.

Accordingly, we move for the Court to declare this case complex for the purposes of the Speedy Trial Act, Title 18, United States Code, Section 3161, et seq., pursuant to Title 18, United States Code, Section 3161(h)(7), and, on that basis, to continue the speedy trial deadline until November 30, 2025.

Respectfully submitted,

/s/ David Gerger
David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com
GERGER HENNESSY
MARTIN & PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

**ATTORNEYS FOR TIMOTHY LEIWEKE**

## <u>CERTIFICATE OF CONFERENCE</u>

The government agrees with a continuance and to set a status conference rather than a trial date.

/s/ David Gerger
David Gerger

## <u>CERTIFICATE OF SERVICE</u>

This pleading was filed electronically with the Court, serving all parties.

/s/ David Gerger
David Gerger