`IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO: 1:25-cr-00344-ADA-SH |
| | § |
| TIMOTHY JOSEPH LEIWEKE | § |

**Order**

Now before the Court are the United States' Motion for a Pretrial Scheduling Order, filed October 3, 2025 (Dkt. 45), and Defendant's Motion for Continuance of December Trial, filed October 10, 2025 (Dkt. 46).[1]

Defendant is charged with Conspiracy to Restrain Trade, in violation of 15 U.S.C. § 1. Dkt. 3. The case is designated as complex, and trial is set for December 1, 2025. Dkt. 26.

The Government now asks the Court to enter a scheduling order setting dates related to discovery and notices, pretrial motions, and trial. Defendant asserts no objection to entry of a scheduling order but asks for a nine-month continuance based on complexity, voluminous discovery, and counsel's setting for an estimated seven-week trial starting February 23, 2026. *United States v. Mortazavi*, No. 3:24-cr-00049-S-1 (N.D. Tex.).

Having considered the entire docket and finding good cause therefor, the Court **GRANTS IN PART and DENIES IN PART** the United States' Motion for a Pretrial Scheduling Order (Dkt. 45) and Defendant's Motion for Continuance of December Trial (Dkt. 46).

---

[1] By Standing Order entered February 27, 2025, the Honorable Alan D Albright referred this case to this Magistrate Judge for disposition of all non-dispositive pretrial matters as provided in 28 U.S.C. § 636(b)(1)(A) and for findings and recommendations on all case-dispositive motions as provided in 28 U.S.C. § 636(b)(1)(B).

The Court **HEREBY ORDERS** that this case is set for **JURY SELECTION AND TRIAL** on **May 4, 2026** at **9:00 A.M. AT U.S. COURTHOUSE, COURTROOM NO. #5, 6th FLOOR, 501 W 5th STREET, AUSTIN, TEXAS**. Counsel should be prepared for commencement of trial immediately after jury selection or on date set out above. Requested voir dire questions must be submitted to the Court at least five (5) days before jury selection.

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by allowing the Defendant the additional time in which to prepare outweigh the best interest of the public and the Defendant in a speedy trial, in that the failure to grant such a continuance would unreasonably deny the Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7). Thus, the Court ORDERS that the time from December 1, 2025 to May 4, 2026 be excluded under the Speedy Trial Act.

The Court **FURTHER ORDERS** counsel to submit a **JOINT** proposed scheduling order **by October 27, 2025** following the form of the Government's Proposed Scheduling Order (Dkt. 45-1) incorporating dates revised as necessary by agreement of the parties to accommodate the May 4, 2026 trial setting.

**SIGNED** on October 15, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE