**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

UNITED STATES OF AMERICA

v.                                                  CASE NO. 1:25-CR-00344-ADA

TIMOTHY JOSEPH LEIWEKE

**DEFENDANT'S BRIEF ON PROPOSED SCHEDULING ORDER (DOC. 50)**

The Court ordered the parties to try to agree on pretrial deadlines.  Regrettably we could not fully do so, with three disagreements.  See Doc. 50 (joint proposed scheduling order, with disagreed dates highlighted in **bold**).

### 1.  THE MAIN DISAGREEMENT: ¶6 - PRETRIAL MOTIONS: A DEADLINE THREE MONTHS BEFORE TRIAL IS REASONABLE

The government proposes that the defense should file pretrial motions by November 28, 2025 – two weeks after the government is supposed to finish producing Rule 16 discovery.  Since August 2025, the defense has been fully consumed organizing and beginning to review over 7,080,000 pages produced so far.[1]  The defense first had to load these materials into a database where they can

---

[1]     Discovery so far is:

| | | |
|---|---|---|
| August 2025 | 6,934,204 pages | (> 1,000,000 docs) |
| September 2026 | 17,548 pages | |
| October 2025 | <u>132,987   pages</u> | (> 50,000 docs) |
| | **7,084,739** | |

be reviewed.  And we are working with the government to work out "kinks" in the

production, which takes time.[2]

It simply is unreasonable to expect motions to be filed by November 28.  The

defense proposes a deadline of February 9, 2026, *12 weeks before trial*, with three

weeks for the government to respond, and two weeks for the defense to reply.  That

deadline will not preclude filing a motion earlier if ready.  But 12 weeks before trial

is a reasonable deadline for defense motions.

## 2.  <u>NOTICE OF 404B EVIDENCE - ¶12</u>

On September 30, 2025, we filed a 404(b) request that we had shared earlier

with the government.  The government has said that it may have 404b evidence,

which it proposes to produce by March 3, 2026.  We say the government should

produce 404b when it knows of it, but no later than January 2026.  (If the

government learns of 404b evidence after January, then it should give notice when

learned of.)  Delaying production until March will likely leave insufficient time for

the defense to investigate and prepare to meet the evidence.

---

[2]      As one example, the government produced many witness statements where the witness is reviewing and commenting on documents that are not attached to the interview or identified in any way other than "document 1" or "document 2."   We have identified these to the government; the government has agreed to send us the documents (or provide the bates numbers in the 7 million documents); but the government has not yet had time to do so.

### 3. *GIGLIO* -- ¶10

The government proposes to produce material under *Giglio v. United States* on April 3, 2026 – one month before trial.  We ask the government to produce such material when it is known to the government for known witnesses or by March 3, 2026, to permit the defense to investigate the disclosure and "make effective use of that information at trial."  *See* Justice Manuel 9-5.001.  We do not perceive a reason to delay production of *known* material regarding *known* witnesses – i.e., there is no threat to witness security.

### 4. STATUS REPORT/CONFERENCE IN NOVEMBER

Finally, the Court has set a status report due November 7 and a status conference on November 12, 2025.  The parties jointly request that the November 7 status report be cancelled.  Defendant Leiweke proposes keeping the November 12 status conference (either in person or electronically) to argue his motion to preserve evidence (Docs. 31-32; 39; 40; and 41).   The government proposes to cancel the status hearing.

Respectfully submitted,


 /s/ David Gerger
David Gerger
Texas Bar No. 07816360
dgerger@ghmfirm.com
GERGER HENNESSY
MARTIN & PETERSON LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

**ATTORNEY FOR
TIMOTHY LEIWEKE**


## CERTIFICATE OF CONFERENCE AND SERVICE

We ask the Court to adopt the dates proposed by the defense in the "Joint Proposed Scheduling Order," doc. 50.  The government does not agree and requests its dates.

I filed this motion in the Court's electronic filing system, which serves all parties.


 /s/ David Gerger
David Gerger