UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 1:25-cr-00344-ADA-SH |
| TIMOTHY JOSEPH LEIWEKE | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S CERTIFICATE OF SERVICE**

The Government submits this response to Defendant's "certificate of service." Dkt. No. 62.

**Background**. On October 27, 2025, the parties submitted a joint proposed pretrial scheduling order, which included contested deadlines for pretrial motions. Dkt. No. 50. The parties submitted written briefs and orally argued the contested deadlines at a status hearing before the Hon. Mag. Judge Hightower on November 12, 2025. Dkt. Nos. 51, 53, 59.

**Magistrate Judge Hightower's Scheduling Decision**. At the hearing, after oral argument on the contested deadlines, Judge Hightower ordered the following briefing schedule: (1) pretrial motions due December 19, 2025; (2) responses due January 16, 2026; and (3) replies due January 30, 2026. Dkt. No. 60. Judge Hightower also ordered the parties to submit an amended proposed scheduling order incorporating these deadlines, which the parties did. Dkt. Nos. 60-61.

**Defendant's Certificate of Service**. Defendant did not appeal from Judge Hightower's ruling under 28 U.S.C. § 636(b)(1)(A), nor has Defendant argued that the ruling is clearly erroneous or contrary to law. On November 16, 2025, without requesting relief, Defendant filed a certificate of service in which he again "explain[ed]" his objections to the motions deadlines. Dkt. No. 62. In particular, he emphasized the scope of discovery, complexity of the case, and his stated need for an expert to support an anticipated motion to dismiss. *Id.*

1

**Government's Position**. To the extent Defendant's "certificate of service" is construed as a request for this Court *not* to enter the order that incorporates Judge Hightower's ruling, this Court should deny Defendant's request. Defendant previously made these same arguments orally at the status hearing and in written submissions. Dkt. No. 51; Dkt. No. 63, Hrg. Tr. at 5:20-7:24. Judge Hightower specifically considered those arguments when crafting a "compromise" schedule that "address[es] all of the concerns that counsel have on both sides of the case," and accounts for the early May trial date. Dkt. No. 63, Hrg. Tr. at 11:6-12:2. As the Government noted previously, under this District's Local Rules, pretrial motions are typically due *two weeks* after arraignment, *see* Dkt. No. 53 (citing Local Rule CR-12), whereas the schedule here sets a deadline almost *five months* after arraignment. Given the above, the Government respectfully requests that this Court enter the amended proposed scheduling order incorporating Judge Hightower's deadlines, Dkt. No. 61, at its earliest convenience.

Respectfully submitted on November 26, 2025,

By:    ABIGAIL SLATER
Assistant Attorney General

OMEED ASSEFI
Deputy Assistant Attorney General for Criminal Enforcement

/s/ Conor M. Bradley
CONOR M. BRADLEY
NJ State Bar #: 373722021
Trial Attorney
Antitrust Division
U.S. Department of Justice
201 Varick Street, Room 1006
New York, NY 10014
Phone: (202) 394-2793
Conor.Bradley@usdoj.gov

Attorneys for the United States